**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **BRANDY WOODS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **JURY DEMAND** |
| | ) | |
| **vs.** | ) | **CASE NO.** |
| | ) | |
| **AIR VENTURES, LLC** | ) | **Judge:** |
| **d/b/a 400 DEGREES HOT CHICKEN,** | ) | |
| | ) | **Magistrate Judge:** |
| **Defendant.** | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## I. NATURE OF THE CASE

1. Plaintiff, Brandy Woods ("Plaintiff"), by and through counsel, brings this action against Defendant, Air Ventures, LLC d/b/a 400 Degrees Hot Chicken ("Defendant"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII") as amended, 42 U.S.C. § 2000e *et. seq.* and the American with Disabilities Act of 1990, ("ADA") 42 U.S.C. § 12101 *et. seq.*

## II. PARTIES

2. Woods is a resident of Rutherford County, Tennessee, which is located within the geographical boundaries of the Middle District of Tennessee.

3. Defendant is a Limited Liability Corporation that maintains offices and routinely conducts business in Davidson County, Tennessee, which is located within the geographical boundaries of the Middle District Tennessee.

## III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 42 U.S.C. 2000e-5(f)(3), and 42 U.S.C. § 12117(a).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. § 2000e(b) and 42 U.S.C. §12111(5)(A).

6. Plaintiff was an "employee" as that term is defined by 42 U.S.C. § 2000e(f) and 42 U.S.C. §12111(4).

7. Plaintiff has a "disability" as that term is defined by 42 U.S.C. §12102(2).

8. Plaintiff exhausted her administrative remedies having timely filing a Charge of Discrimination (Charge No. 494-2024-01126) against Defendant with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on her disability and race and retaliation. Woods received her Notice of Suit Rights and timely files this action within ninety (90) days of receipt.

9. A substantial part of the events, transactions, and occurrences concerning this lawsuit arose in the geographical environs of the Middle District of Tennessee; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

10. Woods, an African American woman, began working for Defendant as a Bartender in or around November 2022.

11. On or about September 2, 2023, Woods sustained a shoulder injury which substantially limited one or more major life activities, including prolonged standing, reaching, lifting overhead, pushing, and pulling. Woods' doctor issued restrictions prohibiting her from

lifting more than fifteen pounds and from riding the employee shuttle, which required standing and overhead holding that aggravated her condition.

12. As a result, Woods is a qualified individual with a disability under the ADA – at a minimum – the Defendant regarded her as disabled. Despite said disability substantially limiting one or more major life activities, Woods was able to meet the essential functions of her position and routinely met or exceeded Defendant's legitimate performance expectations.

13. Woods provided a September 19, 2023, doctor's note to her General Manager, Ray Jeffers ("Jeffers"), documenting her diagnosis and accommodation needs. Initially, Jeffers provided Woods with parking passes to help her avoid the employee shuttle. However, after no more than two weeks, Jeffers informed Woods that corporate instructed him to stop issuing the passes.

14. After Woods' request for accommodation was denied, she got another doctor's note on or about October 30, 2023, confirming she remained under the doctor's care. This note was submitted to both Jeffers and the Assistant Manager, Shannon (Last Name Unknown), but Woods was informed that this note was insufficient.

15. In mid-October 2023, a corporate representative, Daria (Last Name Unknown), visited the location where Woods worked. As described in Woods' October 1, 2024, EEOC Rebuttal to Defendant's August 26, 2024, Position Statement, another bartender, April Knight ("Knight"), a white woman, told Daria she was pregnant and that the bus made her nauseous. Daria immediately agreed to assist her in getting shuttle passes. In the same setting, Woods explained her injury to Daria and requested a comparable accommodation. Daria only promised to "check on it," but no passes were provided to Woods. That same week, Knight began receiving shuttle passes. Woods, however, continued to pay for her own parking passes.

16. On October 22, 2023, Woods sent a message to Jeffers and Daria asking about the status of her accommodation request. Jeffers replied by telling Woods not to contact Daria again, claiming that Daria had nothing to do with it.

17. Woods made multiple requests for accommodation, verbally and in writing, to Jeffers, Daria, and Shannon, between October and December 2023. These included requests for parking passes and assistance with physical tasks.

18. On or about December 19, 2023, Defendant's HR representative, Caludia Fuller ("Fuller") emailed Woods and Jeffers an ADA assessment form, instructing that it be faxed to Woods' doctor. On or about December 22, 2023, Woods' doctor completed the form, which explicitly stated that she should be allowed a parking pass to park closer to the job entrance. On December 26, 2023, Woods emailed Fuller to confirm receipt of the faxed assessment. Fuller responded that she had not received any faxes and would reach out to Woods' doctor directly.

19. On January 4, 2024, Woods went to her weekly doctor appointment and was informed that Fuller had contacted the office multiple times regarding her records. On January 7, 2024, Woods emailed Fuller again, expressing concern that her doctor's recommendations were being ignored.

20. On January 9, 2024, Woods was contacted by Seth Merin ("Merin"), Defendant's Vice President, who informed her that she was under investigation for theft. Merin stated the investigation was based on an "algorithm" and he did not have any specific details.

21. On January 11, 2024, Woods was informed by Fuller and Merin that her employment was being terminated. Defendant alleged Woods was seen on camera taking money from the register on January 7, 2024, which she simply did not do. Woods was not shown any evidence and was not given an opportunity to respond.

22. After requesting a notice of termination, Woods received an email from Defendant's HR on January 11, 2024, stating she was discharged for theft. Following this notice, Plaintiff received a second notice on January 12, 2024, stating she was terminated for allegedly failing to tender payment for a beer sold to a customer on January 7, 2024, at 4:59 a.m., and allegedly placing the money in her tip jar instead of the register. No proof of the alleged actions was provided.

23. Defendant's stated reason for Woods' termination is pretext for discrimination on the basis of her race and disability, as well as retaliation for her repeated requests for reasonable accommodation.

## V. <u>CAUSES OF ACTION</u>

### <u>COUNT I: TITLE VII - RACE DISCRIMINATION</u>

24. Woods hereby incorporates paragraphs one (1) through twenty-three (23) of her Complaint as if the same were set forth at length herein.

25. Woods is African American.

26. Defendant discriminated against, subjected Woods to disparate treatment, and terminated her employment on the basis of her race.

27. Defendant's actions were intentional, willful, and taken in reckless disregard of Woods' rights as protected by Title VII.

28. Woods has suffered damages and continues to suffer damages as a result of Defendant's unlawful actions.

### <u>COUNT II: ADA - DISABILITY DISCRIMINATION</u>

29. Woods hereby incorporates paragraphs one (1) through twenty-eight (28) of her Complaint as if the same were set forth at length herein.

30. Woods is a qualified individual with a disability as defined by the ADA.

31. Defendant discriminated against Woods on the basis of her disability by failing to engage in the interactive process in good faith, failing to provide a reasonable accommodation, and by terminating her employment.

32. Defendant's actions were intentional, willful and in reckless disregard of Woods' rights as protected by the ADA.

33. Woods has suffered damages and continues to suffer damages as a result of Defendant's unlawful actions.

## COUNT III: ADA – DISABILITY RETALIATION

34. Woods hereby incorporates paragraphs one (1) through thirty-three (33) of her Complaint as if the same were set forth at length herein.

35. Defendant retaliated against Woods for engaging in protected activity by failing to accommodate her reasonable requests for accommodation, failing to engage in the interactive process, and by terminating her employment.

36. Defendant's actions were intentional, willful, and taken in reckless disregard of Woods' rights as protected by the ADA.

37. Woods has suffered damages and continues to suffer damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

**WHEREFORE**, Plaintiff, Brandy Woods, by counsel, respectfully requests that this Court enter judgment in her favor and order that the Defendant:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against an employee based on their disability, race and/or retaliates against any employee after engaging in a protected activity;

2. Reinstate Plaintiff's employment to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions, or award her front pay in lieu thereof;

3. Award Plaintiff lost wages and back pay she would have earned, including fringe benefits, with related monetary benefits in interest thereon, absent Defendant's unlawful acts;

4. Award Plaintiff compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5. Award Plaintiff compensatory damages for Defendant's violation of Title VII and the ADA;

6. Award Plaintiff punitive damages – including but not limited to damages for mental, physical, and emotional distress for Defendant's violations of Title VII and the ADA;

7. Award Plaintiff all costs and attorneys' fees incurred as a result of bringing this action;

8. Award Plaintiff pre- and post-judgment interest on all sums recoverable;

9. Award Plaintiff all other legal and/or equitable relief this Court sees fits to grant.

Respectfully Submitted,

By: /s/*Kyle F. Biesecker*

Kyle F. Biesecker, Atty No. 028872
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Office: (615) 783-2171
Facsimile: (812) 424-1005
E-Mail: kfb@bdlegal.com

*Attorneys for Plaintiff, Brandy Woods*

**DEMAND FOR JURY TRIAL**

Plaintiff, Brandy Woods, by counsel requests a trial by jury on all issues deemed so triable.

Respectfully Submitted,

By: /s/*Kyle F. Biesecker*
Kyle F. Biesecker, Atty No. 028872
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Office: (615) 783-2171
Facsimile: (812) 424-1005
E-Mail: kfb@bdlegal.com

*Attorneys for Plaintiff, Brandy Woods*